United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TONY BLACKMAN,　　　　　　　　　　　　　No. C 07-2609 SI (pr)

　　　　Plaintiff,　　　　　　　　　　　　　　**ORDER OF DISMISSAL**

　　v.

D. M. MANTEL; et al.,

　　　　Defendants.
　　　　　　　　　　　　　　　　　　　　 /

## INTRODUCTION

Tony Blackman, an inmate at Salinas Valley State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The action originally was filed in the Eastern District of California and was later transferred to this district because this district was the proper venue for Blackman's challenge to the conditions of confinement at Salinas Valley. The complaint is now before the court for initial review under 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint in this action attempts to allege several claims for denial of access to the courts. As this court previously explained to Blackman, the mere denial of an inmate appeal does not amount to a constitutional violation. See Order Of Dismissal With Leave To Amend in Blackman v. Variz, C 06-7625 SI. As the court further explained, if Blackman wanted to attempt to allege a claim for denial of access to the courts based on the interference with his inmate appeals or submission of pauper materials to a court, he had to allege an actual injury:

> [T]o establish a claim for any violation of the right of access to the courts, the prisoner must show that there was an inadequacy in the prison's legal access program that caused him an actual injury. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). To prove an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 355. Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the prison's services that he was unable even to file a complaint. See id. at 351. Mere delay in filing papers would not be enough, for example, if they were nevertheless timely filed or accepted and considered by the court. See Hudson v. Robinson, 678 F.2d 462, 466 (3d Cir. 1982).

Order Of Dismissal With Leave To Amend in Blackman v. Variz, C 06-7625 SI.

The first claim in the complaint is that several defendants refused to respond to Blackman's inmate appeal dated February 21, 2007 requesting in forma pauperis application materials from the trust account office. The claim is shown to be meritless by the exhibits attached to the complaint. Exhibit A is a "screening form" dated March 16, 2007, used by the appeals coordinator to return the appeal with the comment: "You must follow procedure - OP # 2, in order to file in forma pauperis. You have not complied with past instructions to follow OP # 2." Complaint, Exh. A. The exhibits show that Blackman's failure to obtain the pauper forms was caused by his refusal to follow standard operating policy rather than misbehavior by the prison officials. Blackman insisted on using the inmate appeal system to obtain the materials despite the prison officials' direction to him that he had to follow OP # 2. If the prison policy

2

1 is that a trust account statement or certificate of funds cannot be requested through the inmate
2 appeals system and must be requested by following Operational Procedure # 2, the prisoner must
3 attempt to obtain the materials by following Operational Procedure # 2. Blackman's failure to
4 follow OP # 2 means that any injury he suffered in terms of the dismissal of any case in which
5 he did not file his pauper materials was not caused by defendants' misconduct.[1] Cf. Resnick v.
6 Adams, 348 F.3d 763, 770 (9th Cir. 2003) (prison had a legitimate governmental interest in the
7 orderly administration of a program that allowed prisons to accommodate the needs of thousands
8 of prisoners and that "[a]llowing inmates to make requests outside this system by letters sent to
9 various prison officials would frustrate the orderly administration" of the program). The claim
10 is dismissed.

11 The second claim in the complaint is that defendant Jurado denied Blackman law library
12 access and services so that he could receive copying service to file "another state petition on
13 plaintiff false imprisonment due to North Kern Co. Deputy District Attorney Office Mr. Chris
14 White 'depriving' plaintiff of his liberty to (appear) in court for a court hearing on criminal
15 charge filed against plaintiff for battery on an inmate with a 'deadly weapon' to try to (cover up)
16 assault and battery on plaintiff on 5-26-04." Complaint, p. 3 (grammar and punctuation errors
17 in source). An exhibit to the complaint shows that this claim has no merit. Exhibit B states that
18 Kern County Deputy District Attorney Chris White declined to prosecute Blackman for the
19 crime. A challenge to a criminal charge that the prosecutor declined to prosecute would have
20 been frivolous, as would have a claim that Blackman had any right to appear at a hearing on a
21 charge that the prosecutor had declined to prosecute. Blackman thus did not allege the necessary
22 actual injury to state a claim for denial of access to the courts based on the denial of law library
23 access and services.

24 The third claim is that prison officials are "disobeying plaintiff Los Angeles Co. Superior
25 Court order to appeal." Complaint, p. 4 (errors in source). Once again, an exhibit to the

---

[1] The problem of Blackman refusing to follow OP # 2 regarding obtaining the forms from the trust account office is not new to the court. The problem was discussed in the Order Of Dismissal in Blackman v. Ponder, C 07-330 SI.

3

complaint shows that this claim has no merit.  Exhibit E is a minute order printout of a probation and sentencing hearing on January 20, 2004 for Los Angeles County Superior Court Case No. BA250138 in which Blackman was sentenced to a total of 60 years to life.  The portion highlighted by Blackman states: "Court orders and findings:  -The court advises the defendant of appeal rights."  Complaint, Exh. E.  The exhibit simply does not support Blackman's characterization of it as an order that he had to appeal.  Rather, the exhibit reflects the routine advisement to a criminal defendant that he had a right to appeal if he wanted to do so.  Defendants are not "disobeying" a court order, even if one ignores the obvious untimeliness problem for an appeal sought to be filed three years after the 2004 sentencing.  Blackman's claim that defendants are disobeying that "order" is frivolous.

The complaint fails to state a claim upon which relief may be granted.  Leave to amend will not be granted because it would be futile.  The court has explained in previous actions that an actual injury must be alleged to state a claim for denial of access to the courts.  Blackman has been unable to allege one.

## CONCLUSION

For the foregoing reasons, this action is dismissed without leave to amend because the complaint fails to state a claim upon which relief may be granted.  The clerk shall close the file.

IT IS SO ORDERED.

Dated: September 5, 2007

_____
SUSAN ILLSTON
United States District Judge

4